IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FRANK HARRIS, #R09486,** )<br>)<br>**Plaintiff,** )<br>vs. )<br>)<br>**ILLINOIS DEPARTMENT OF** )<br>**CORRECTIONS,** *et al.*, )<br>)<br>**Defendants.** ) | Case No. 3:21-CV-00440-DWD |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Frank Harris, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at five IDOC facilities. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### Discussion

Plaintiff's Complaint violates basic pleading rules. Under Federal Rules of Civil Procedure 8(a)(1), a Complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Additionally, Rule 8(d) requires that "each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Plaintiff's Complaint, which is 205 pages with exhibits, flagrantly disregards Rule 8. The Complaint is far from simple, concise, or direct – it purports to state claims against 32

Defendants for events occurring during Plaintiff's incarceration at five IDOC facilities from 2012-2020.

The Complaint also violates the rules of joinder. FED. R. CIV. P. 18-21. Plaintiff's claims involve different defendants, arise from separate transactions or occurrences, and are based on different legal theories. Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Therefore, Plaintiff's claims cannot all proceed together in the same lawsuit. *See* FED. R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). Instead, Plaintiff must pursue related claims against a single group of defendants in his Complaint.

Additionally, the Complaint, which is singled-spaced, violates SDIL-LR 5.1(b), which requires all pleadings presented for filing in this District must be "plainly typewritten, printed, or prepared by a clearly legible duplication process and **double-spaced**."

For these reasons, the Complaint will be dismissed without prejudice and Plaintiff will be granted an opportunity to file an amended complaint.

**Disposition**

Plaintiff's Complaint is **DISMISSED without prejudice.** Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **December 13, 2021**. The First Amended Complaint will be subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (21-440-DWD). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint – the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

**If Plaintiff fails to file his First Amended Complaint within the allotted time or**

**consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims.** FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** November 12, 2021

_____
**David W. Dugan**
**United States District Judge**